```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

CHRISTIAN TOGLAN,                )
    Plaintiff,                )
                                 )
    v.                           )    C.A. No. 10-10954-MLW
                                 )
MARRIOTT INTERNATIONAL, INC.     )
    Defendant.                )

<u>MEMORANDUM AND ORDER</u>

WOLF, D.J.                                              August 15, 2011

I.  INTRODUCTION

On February 23, 2010, plaintiff Christian Toglan ("Toglan") filed a complaint in Suffolk Superior Court against defendant Marriott International, Inc. ("Marriott").[1] The complaint alleges that defendant violated Massachusetts General Laws chapter 151B in two ways, by: (1) discriminating against Toglan by failing to promote him because of his race, color, and national origin; and (2) retaliating against Toglan by harassing him after he complained about discrimination. The complaint's two counts raise solely state law claims.

Defendant timely filed a notice of removal pursuant to 28 U.S.C. §§1441 and 1446, stating that this court has jurisdiction over this case pursuant to 28 U.S.C. §1332(a) because there is

---

[1] The complaint also improperly named Boston Copley Place Marriott Corporation as a defendant. The complaint was subsequently amended to name only Marriott as a defendant. See Am. Compl. at 1. However, in its Answer, "Marriott [still] states that Plaintiff has misnamed the Defendant. The correct Defendant is Marriott Hotel Services, Inc., not Marriott International, Inc." Answer at 1 n.1.

diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

Pursuant to 28 U.S.C. §1447(c), Toglan timely filed a motion to remand (the "Motion"), stating that the amount in controversy requirement of 28 U.S.C. §1332(a) has not been met because the complaint does not assert that the amount in controversy exceeds $75,000. Marriott opposes the Motion on the grounds that Toglan has, in fact, alleged claims that would, if successful, likely yield more than $75,000 in damages and attorneys' fees.

For the reasons described below, the Motion is being allowed and this case is being remanded.

II. LEGAL STANDARDS

A. <u>Removal Pursuant to Diversity Jurisdiction and Remand</u>

When a plaintiff files suit in state court and asserts exclusively state causes of action, a defendant may remove the case to the appropriate district court if the case is one in which the district court could have exercised original jurisdiction, meaning that the case involves an amount in controversy greater than $75,000 and pits citizens of different states against one another. <u>See</u> 28 U.S.C. §1332(a), (a)(1) (diversity jurisdiction); 28 U.S.C. §1441(a) (removability); 28 U.S.C. §1446 (procedure for removal).

However, a plaintiff may respond to a notice of removal by filing a motion to remand the case to state court if, among other reasons, the plaintiff believes that the district court lacks

subject matter jurisdiction. See 28 U.S.C. §1447(c). Indeed, even if no such motion is filed, the court has "an unflagging duty to ensure that it has jurisdiction over the subject matter of the cases it proposes to adjudicate [and, therefore, is] obliged to address the propriety of removal." Am. Policyholders Ins. Co. v. Nyacol Prods., Inc., 989 F.2d 1256, 1258 (1st Cir. 1993) (considering whether removal was proper, despite parties' agreement that the federal courts had subject matter jurisdiction). On this point, 28 U.S.C. §1447(c) states that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  The First Circuit has recently made clear that "[t]his command is obligatory . . . ." Hudson Savings Bank v. Austin, 479 F.3d 102, 108-09 (1st Cir. 2007).

    B.    <u>The Burden of Establishing Federal Diversity Jurisdiction</u>

"Under our dual sovereign system, the plaintiff is the 'master to decide what law he will reply upon.'" Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999) (quoting Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913)). In light of that fundamental premise, when a plaintiff files a complaint in state court and the defendant responds by invoking federal jurisdiction through removal, the defendant has the burden of establishing that removal to the district court is proper. See Valentin v. Hosp. Bella Vista, 254 F.3d 358, 366 (1st Cir. 2001);

Danca, 185 F.3d at 4; MB Auto Care Mgmt., Inc. v. Plaza Carolina Mall, L.P., 695 F. Supp. 2d 1, 2 (D.P.R. 2010) ("[I]n case of removal, the removing party bears the burden of showing that no plaintiff is a citizen of the same state as any of the defendants, and that the matter in controversy exceeds $75,000, excluding interests and costs."). This includes "the burden to show that the amount in controversy meets the jurisdictional threshold." Ciardi v. F. Hoffman-La Roche, Ltd., C.A. No. 99-11936-GAO, 2000 WL 159320, at *1 (D. Mass. Feb. 7, 2000).

"Subject matter jurisdiction is not a 'nicety of legal metaphysics' but rests instead on 'the central principle of a free society that courts have finite bounds of authority.' Courts must be careful to respect these limits on their authority." Christopher v. Stanley-Bostitch, Inc., 240 F.3d 95, 101 (1st Cir. 2001) (internal citations omitted). When federal subject matter jurisdiction is doubtful, those doubts should be resolved in favor of remand. See Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990); Padilla-Gonzalez v. Local 1575, 635 F. Supp. 2d 105, 108 (D.P.R. 2009); In re Mass. Diet Drug Litig., 338 F. Supp. 2d 198, 202 (D. Mass. 2004).

In this case, the parties agree that the complete diversity requirement of §1332(a)(1) has been met, and the court concurs. Toglan is a citizen of Massachusetts. See Am. Compl. at 2. Marriott is a Delaware corporation with its principal place of business in

4

Maryland. See Answer at 3. The sole issue is whether more than $75,000 is in controversy in this case, as required by §1332(a).

The analytical process for determining whether a party seeking removal has established that the amount in controversy requirement is met depends on whether the plaintiff has, in good faith, pled an amount in controversy above or below the jurisdictional threshold. See Karofsky v. Abbott Labs., 921 F. Supp. 18, 20 n.3 (D. Me. 1996). In this case, Toglan's complaint does not specify the amount in controversy. It states only that the "amount in controversy exceeds $25,000." Am. Compl. at 1.

"The First Circuit has not yet articulated the defendant's burden of proving the amount in controversy where the plaintiff has not claimed a specific amount of damages in the pleadings." Nollett v. Palmer, C.A. No. 02-265-JD, 2002 WL 1674379, at *2 (D.N.H. July 18, 2002). As a whole, "[t]he federal courts are split on which standard to use to determine whether a case can be removed if no [precise] amount in controversy was pleaded at the state court level, but all seem to agree that the burden of proof remains with the defendant." 14AA Charles A. Wright, et al., Federal Practice and Procedure §3702 (3d ed. 2009).

The majority approach favors a preponderance of the evidence standard. "When the plaintiff's damages are unspecified, courts generally require that a defendant establish the jurisdictional amount by a preponderance of the evidence." Martin v. Franklin

5

Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001); see, e.g., Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009) (stating that this standard applies "whether the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum") (internal quotation marks and citation omitted); In re 1994 Exxon Chemical Fire, 558 F.3d 378, 387 (5th Cir. 2009); Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 998 (9th Cir. 2007); Smith v. Nationwide Prop. & Cas. Ins. Co., 505 F.3d 401, 404-05 (6th Cir. 2007); Miedema v. Maytag Corp., 450 F.3d 1322, 1330 (11th Cir. 2006); Gilman v. BHC Sec., Inc., 104 F.3d 1418, 1421 (2d Cir. 1997); cf. Bartnikowski v. NVR, Inc., 307 F. App'x 730, 734 & n.7 (4th Cir. 2009) (applying preponderance of the evidence standard with the agreement of the parties, without explicitly adopting it as law of the circuit, but noting that several circuits have explicitly adopted this approach "where plaintiffs leave damages unspecified"). But see Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 398 (3d Cir. 2004) (requiring the "defendant to show to a legal certainty that the amount in controversy exceeds the statutory minimum").

While not explicitly adopted by the First Circuit, the majority approach has been used by several courts within it. See, e.g., Lowe v. Sears Holding Corp., 545 F. Supp. 2d 195, 196 (D.N.H. 2008) ("Where, as here, the complaint does not put any number on the plaintiff's claimed damages, this court requires the removing

defendant to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum."); Doughty v. Hyster New England, Inc., 344 F. Supp. 2d 217, 219 (D. Me. 2004) (remanding case because defendant failed to "establish[] by a preponderance of the evidence that the amount in controversy exceeds $75,000"); Karofsky, 921 F. Supp. at 20 ("The burden is on the defendants, as the removing parties . . . to show that it is more likely than not that [plaintiff's] recovery [would] exceed the jurisdictional amount."); Gabrielle v. Allegro Resorts Hotels, 210 F. Supp. 2d 62, 65 (D.R.I. 2002) (same). But see In re M3Power Razor Sys. Mktg. Practices Litig., C.A. No. 05-111777-DPW, 2007 WL 128846, at *4 (D. Mass. Jan. 11, 2007) (denying plaintiff's motion to remand because the court could "not fairly find to a legal certainty that the amount in controversy is $75,000 or less"); Harvard Real Estate-Allston, Inc. v. KMART Corp., 407 F. Supp. 2d 317, 321 (D. Mass. 2005) (explaining propriety of remand because "it is apparent to a legal certainty that the amount in controversy does not meet the requisite threshold").

Notably, the First Circuit employs a similar "preponderance of the evidence" framework in analogous circumstances. For example, if a defendant seeks removal pursuant to diversity jurisdiction, and the plaintiff challenges the defendant's assertion that the parties are not domiciled in the same state, "the party invoking diversity jurisdiction must prove domicile by a preponderance of the

7

evidence." Garcia Perez v. Santaella, 364 F.3d 348, 350 (1st Cir. 2004) (emphasis added). Even more closely analogous are cases in which a defendant seeks removal pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§1332(d), 1453. In such cases, "the removing defendant must show a reasonable probability that the amount in controversy exceeds $5 million." Amoche v. Guar. Trust Life Ins. Co., 556 F.3d 41, 43 (1st Cir. 2009) (emphasis added). "[T]he reasonable probability standard is . . . for all practical purposes identical to the preponderance standard adopted by several circuits." Id. at 50. However, the First Circuit concluded that "[t]he 'reasonable probability' language better captures the preliminary nature of this inquiry, reserving the preponderance of the evidence terminology for other conclusions." Id. At least one other court in the First Circuit has recognized that Amoche's holding provides support for adopting the preponderance standard for determining the amount in controversy question in non-CAFA cases, as well. See JGCA Holding Corp. v. McCarthy, C.A. No. 09-358-JD, 2010 WL 99089, at *1 (D.N.H. Jan. 6, 2010) (recognizing that Amoche's holding comports with the majority approach and applying that standard in a non-CAFA case).

In this case, the court is employing the majority approach, in light of the fact that it comports with analogous First Circuit law and because the weight of authority within this Circuit and across the nation supports it. Accordingly, Toglan's Motion must be

8

allowed unless the court concludes that Marriott has proven by a preponderance of the evidence that the amount in controversy exceeds $75,000.

### C. Calculating the Amount In Controversy

In calculating the amount in controversy, a federal court must examine relevant state law to determine the nature and extent of the damages which may be awarded. See Stewart v. Tupperware Corp., 356 F.3d 335, 339 (1st Cir. 2004); Evans v. Yum Brands, Inc., 326 F. Supp. 2d 214, 220-21 (D.N.H. 2004). For example, "[w]hen a plaintiff makes a claim under a statute including a damage multiplier, a court must apply that factor in evaluating the amount in controversy." Evans, 326 F. Supp. 2d at 222 (citing cases). In addition, a court must take into account attorneys' fees, where, as here, the award of those fees is statutorily authorized. See Spielman v. Genzyme Corp., 251 F.3d 1, 6 (1st Cir. 2001). In this case, Toglan's claims are raised pursuant to Massachusetts General Laws chapter 151B, which provides that, "[i]f the court finds for the petitioner[,] it shall, in addition to any other relief and irrespective of the amount in controversy, award the petitioner reasonable attorney's fees and costs unless special circumstances would render such an award unjust." Mass. Gen. Laws ch. 151B, §9.

## III. ANALYSIS

As indicated earlier, Toglan's complaint makes no allegation as to the specific amount of damages sought, stating only that

9

"[t]he amount in controversy exceeds $25,000." Am. Compl. at 1. The question is whether that amount also exceeds $75,000. See 28 U.S.C. §1332(a).

As explained previously, both counts in Toglan's complaint assert violations of Massachusetts General Laws chapter 151B. Toglan contends that Marriott's alleged discrimination and retaliation were both "outrageous and beyond the pale of what our society tolerates in the work place," and, in both counts, Toglan "seeks damages for back pay, front pay, loss of benefits, emotional distress and punitive damages . . . [as well as] attorney's fees and costs and such other relief as this Court deems just and equitable." Am. Compl. at 5-6. Accordingly, in calculating the amount in controversy in this case, the court must take into account these possible means of recovery. See Mass. Gen. Laws ch. 151B, §§5, 9; McCarthy v. Bank of New York/Mellon, C.A. No. 10-10486-GAO, 2010 WL 2144241, at *1 (D. Mass. May 27, 2010) (considering these means of recovery in determining whether a successful claim was "likely [to] rise above the jurisdictional threshold").

Marriott cites a number of chapter 151B cases in which plaintiffs recovered more than $75,000. See, e.g., Cummings v. Standard Register Co., 265 F.3d 56, 67 & n.9 (1st Cir. 2001) (calculating $494,712 as the appropriate front pay award and noting that $287,331.50 in attorneys' fees were awarded to plaintiff after

trial); Fryer v. A.S.A.P. Fire and Safety Corp., Inc., 680 F. Supp. 2d 317, 327-28 (D. Mass. 2010) (finding emotional distress damages of $289,000 not to be excessive); McDonough v. City of Quincy, 353 F. Supp. 2d 179, 192 (D. Mass. 2005) (awarding successful plaintiff in chapter 151B and Title VII action more than $90,000 in attorneys' fees). However, the fact that damages of more than $75,000 have been awarded in some chapter 151B cases is not "evidence" at all, let alone sufficient proof that Toglan is likely to be awarded more than $75,000 if he prevails in this case. Every case is unique. There are chapter 151B cases in which a prevailing plaintiff has been awarded less than $75,000, including attorneys' fees. See, e.g., Joyce v. Town of Dennis, C.A. No. 08-10277-NMG, 2011 WL 2632148, at *6 (D. Mass. June 30, 2011) (plaintiff recovered $15,000 in damages, costs of $4,600, and attorneys' fees of $30,000); Augis Corp. v. Mass. Comm'n Against Discrimination, 75 Mass. App. Ct. 398, 410 (Mass. App. Ct. 2009) (affirming award of $10,000 in damages and $17,863 in fees and costs). The issue before this court is whether Marriott has proven by a preponderance of the evidence that the jurisdictional amount is satisfied in this particular case.

In violation of the requirements of Rule 7.1(B)(2) of the Local Rules of the United States District Court for the District of Massachusetts, Marriott has not submitted "[a]ffidavits and other documents setting forth or evidencing facts on which the opposition

[to the request to remand] is based." Marriott presumably has evidence of what Toglan was earning when the Motion was filed and what he would have been paid if he had been promoted. However, neither this nor any other evidence necessary to calculate the amount in controversy in this particular case has been submitted.

Therefore, in the absence of any true, case-specific evidence, Marriott has failed to prove by a preponderance of the evidence that Toglan has a reasonable probability of recovering more than $75,000 if he prevails in this case. Accordingly, the Motion is meritorious and this case is being remanded. <u>See</u> 28 U.S.C. §1447(c).

IV. ORDER

In view of the foregoing, it is hereby ORDERED that Toglan's Motion for Remand Under 28 U.S.C. §1447(c) (Docket No. 6) is ALLOWED and this case is REMANDED to Suffolk Superior Court.

                                                     /s/ Mark L. Wolf
                                       UNITED STATES DISTRICT JUDGE